UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AYODEJI KAYODE ANIMASHAUN,               16-CV-506-FPG-MJR

                    Plaintiff,            REPORT AND RECOMMENDATION
        v.

TODD TRYON, JOSEPH KOSON,
and MICHAEL PHILLIPS,

                    Defendants.
_____

## INTRODUCTION

    This case has been referred to the undersigned pursuant to Section 636 of Title 28 of the United States Code, by the Honorable Frank P. Geraci, Jr., for all pretrial matters excluding dispositive motions. (Dkt. No. 22). For the following reasons, it is recommended that the District Court dismiss plaintiff's complaint for failure to prosecute.

## RELEVANT FACTS AND BACKGROUND

    Plaintiff Ayodeji Kayode Animashaun, who is proceeding *pro se*, commenced this action on June 20, 2016 asserting violations of his constitutional rights. (Dkt. No. 1). Specifically, plaintiff contends that while he was in custody in a federal detention facility in Batavia, New York, defendants Todd Tryon, Joseph Koson, and Michael Phillips were deliberately indifferent to his mental health care needs.[1] (*Id.*). On September 15, 2017, plaintiff's motion to proceed *in forma pauperis* was granted, and the United States

---

[1] On September 8, 2016, plaintiff filed notice with the Court of a change of address to Buffalo Federal Detention Facility, 4250 Federal Drive, Batavia, New York, 14020. (Dkt. No. 4). On February 21, 2017, plaintiff filed a subsequent notice with the Court of a change of address to 8475 Imperial Drive, Laurel, Maryland, 20708. (Dkt. Nos. 6, 7). All Court orders and correspondence relevant to the instant Report and Recommendation have been sent to plaintiff at the most recent address he provided in Laurel, Maryland. None have been returned as undeliverable.

Marshal was directed to serve copies of the summons and complaint on defendants.  (Dkt. No. 9).  Defendant Koson was served on October 3, 2017.  (Dkt. No. 10).  Following two requests for extensions of time to file an answer, defendant Koson answered the complaint on February 20, 2018.  (Dkt. No. 17).

On January 25, 2018, plaintiff was granted an extension of time to serve the summons and complaint on defendants Tryon and Phillips pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  (Dkt. No. 16).  In addition, the United States Attorney's Office was directed to provide current addresses where defendants Tryon and Phillips could be served.  (*Id.*).  Defendants Tryon and Phillips were served on March 13, 2018.  (Dkt. No. 23).  Defendant Tryon filed an answer on May 14, 2018 (Dkt. No. 27) and defendant Phillips filed an answer on July 16, 2018 (Dkt. No. 29).

On May 18, 2018, the Court issued a notice scheduling a Preliminary Pretrial Conference on July 19, 2018.  A copy of the notice was mailed to plaintiff.  The Court held the Preliminary Pretrial Conference, as scheduled, on July 19, 2018.  Defense counsel appeared but plaintiff failed to appear.  Defense counsel indicated that he has not received any communication from plaintiff.  Defense counsel also indicated that plaintiff filed a related case which is currently pending before Judge Geraci, *Animashaun v. Tryon, et al.*, 1:16-cv-172.  Defense counsel explained that, in that case, defendants had filed a motion to dismiss, Judge Geraci issued a scheduling order, and plaintiff has not responded.  The Court responded that in light of the length of time the case has been pending, plaintiff's non-appearance today and plaintiff's failure to respond in the related case, the Court would schedule another status conference in thirty days.  The Court

2

further indicated that it would require plaintiff to respond to the Court, in writing and before the next conference, as to whether he intended to pursue the lawsuit.

On August 2, 2018, the Court issued an Order scheduling a status conference for August 21, 2018. (Dkt. No. 31). In the Order, the Court specifically directed plaintiff "that on or before August 21, 2018, he [was] to advise the Court, in writing, as to whether he intends to pursue this action…[t]he Court advises plaintiff that failure to respond to this Order may result in a recommendation that plaintiff's case be dismissed for failure to prosecute." (Dkt. No. 31). A copy of the Order was mailed to plaintiff. Plaintiff never responded to the Court's Order. The Court held the status conference, as scheduled, on August 21, 2018. (Dkt. No. 32). Defense counsel appeared but plaintiff did not appear. The Court stated that because plaintiff had not appeared or responded to its prior Order, it would recommend to the District Court that the case be dismissed for failure to prosecute. A copy of the minute entry detailing what occurred at the status conference, including the Court's intention to recommend to the District Court that the case be dismissed for failure to prosecute, was mailed to plaintiff.

## **DISCUSSION**

Rule 41 of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *See* Fed. R. Civ. P. 41. Failure to prosecute can "evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Further, where defendants have not specifically moved for dismissal under

Rule 41(b), such as in this case, a court may nonetheless order dismissal *sua sponte*. *Id.*

at 42. In *Link v. Wabash Railroad Co.*, the Supreme Court noted:

> Neither the permissive language of the Rule [41(b)] -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear the calendars of cases that have remained dormant because of inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

370 U.S. 626, 630-31 (1962). *See also Harding v. Goord*, 135 Fed. Appx. 488 (2d Cir.

2005) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a claim for

failure to prosecute *sua sponte*."); *West v. City of New York*, 130 F.R.D. 522, 526 (SDNY

1990) ("A plaintiff's lack of diligence alone is enough for dismissal.").

The Second Circuit has outlined several factors courts must consider before

dismissing a lawsuit for failure to prosecute. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.

1996). These factors include: "(1) the duration of the plaintiff's failure to comply with the

court order, (2) whether plaintiff was on notice that failure to comply would result in

dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the

proceedings, (4) a balancing of the court's interest in managing its docket with the

plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has

adequately considered a sanction less dramatic than dismissal." *Id.* at 535. Further, a

*pro se* litigant's complaint may only be dismissed for failure to prosecute "when the

circumstances are sufficiently extreme." *Id.* As explained in detail below, the Court has

considered each of these factors and finds that dismissal of plaintiff's lawsuit is warranted.

The last time plaintiff actively participated in this case was over a year ago, when he provided the Court with his updated address in Laurel, Maryland. Moreover, for the past seven months plaintiff has failed to attend Court conferences and has ignored Court orders and notices. Plaintiff failed to attend the Preliminary Pretrial Conference on July 19, 2018. He failed to respond to the Court's August 2, 2018 Order, following the conference, that he was to advise the Court as to whether he intended to pursue the lawsuit or risk dismissal of the action. He failed to attend the Court's next status conference on August 21, 2018. Lastly, defense counsel has represented that, during this time, they have received no communication from plaintiff regarding the case. The length of delay in this case combined with plaintiff's inaction and noncompliance for the past seven months weighs in favor of dismissal. *See Chira v. Lockhead Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) (dismissal proper under Rule 41(b) when plaintiff failed to take any action to move his case to trial during a six-month period); *Ruza v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 177 (2d. Cir. 2008) (dismissal for failure to prosecute affirmed where plaintiff's inaction caused a delay of over seven months); *Peters-Turnbull v. Bd. Of Educ.*, 96 Civ. 4914, 1999 U.S. Dist. LEXIS 16079 (SDNY Oct. 18, 1999) (a delay of somewhere between five and ten months "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss.").

As to the second factor, plaintiff has been informed that failure to respond to Court orders may result in dismissal of his case. The Court's August 2, 2018 Order directed plaintiff to inform the Court, on or before August 21, 2018, whether he intended to pursue the action. Further, plaintiff was expressly told that failure to respond "may result in a recommendation that [his] case be dismissed for failure to prosecute." Plaintiff never

responded.  In addition, plaintiff was sent a copy of the Court's minute entry from the August 21, 2018 status conference, which stated that the Court intended to make a recommendation to the District Court that the case be dismissed because of plaintiff's nonappearance.  Plaintiff likewise has not responded to this notice.  Further, it is noted that none of the correspondence sent by the Court to plaintiff has been returned as undeliverable.  Thus, the second factor weighs in favor of dismissal of the action.  *See Lyell Theatre*, 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned that dismissal for failure to prosecute was possible); *Ruza*, 520 F.3d at 177-78 (dismissal of action for failure to prosecute affirmed where plaintiff was notified that "further delay will result in dismissal.").

The third factor requires the Court to consider whether defendants have been prejudiced by plaintiff's inaction.  "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where the delay is more moderate or excusable, the need to show actual prejudice is proportionally greater."  *Lyell Theatre*, 682 F.2d at 43 (internal citations omitted).  Here, plaintiff has created unreasonable delay by failing to attend Court conferences and failing to respond to Court orders for a period of seven months.  Therefore, prejudice may be presumed.  Further, plaintiff's delay could result in actual prejudice to defendants.  Plaintiff's failure to appear or respond in this case has impeded the commencement of discovery, which prevents defendants from assessing the strength of plaintiff's case and filing motions, including a motion for summary judgment.  Further, lapses in time compromise witnesses' availability and their ability to accurately recall the pertinent events.  Delays also may affect the preservation of evidence.

The fourth factor requires the Court to balance calendar congestion and plaintiff's right to present his case. The Second Circuit cautions that "a court must not let its zeal for a tidy calendar overcome its duty to justice." *Davis v. United Fruit Co.*, 402 F.2d 328, 331 (2d Cir. 1968). However, plaintiff here has not been denied his due process rights. Both the delay and dismissal are of his own making. Plaintiff was afforded opportunities to appear at two court conferences and to respond in writing to a Court order inquiring as to whether he intended to pursue the case. Further, plaintiff has not contacted the Court in the six months that have passed since the last warning that the case may be dismissed for failure to prosecute was issued. Indeed, plaintiff's own failure to litigate this matter cannot be construed as the denial of the right to present his case. *See Dodson v. Runyon*, 957 F.Supp. 465, 470 (SDNY 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"). Accordingly, this factor also weighs in favor of dismissal.

Lastly, the Court has considered lesser sanctions and finds that they would not be effective here. First, because plaintiff is proceeding *pro se*, monetary sanctions would not be appropriate. Further, plaintiff has ignored all orders and deadlines issued in this case since July of 2018. His lack of engagement in this case, combined with his failure to respond to defendants' motion to dismiss in the related case pending before Judge Geraci, indicate that plaintiff is not interested in moving his claims forward. *See Ruza,* 520 F.3d 176, 177 ("in light of [plaintiff's] failure to respond to the notice threatening dismissal, it is equally unclear that a 'lesser sanction' would have proved effective in this case"); *Smith v. Human Resources Admin.*, 91 Civ. 2295, 2000 U.S. Dist. LEXIS 5373 (SDNY March 27, 2000) (finding sanctions short of dismissal inappropriate where "court

orders and direction have not prompted plaintiff to move her case forward"); *Alevizopoulos & Assoc. v. Comcast Int'l Holdings, Inc.*, 99 Civ. 9311; 2000 U.S. Dist. LEXIS 16154 (SDNY Nov. 8, 2000) (finding lesser sanction to be inappropriate were plaintiff repeatedly failed to abide by the court's orders and noting that "[a] court need not beg a party to comply with its orders" and that plaintiff's "failure to respond to [the motion] demonstrates that he has lost interest in this case.").

Having considered each of the relevant factors, the Court finds that dismissal is warranted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, the Court recommends that the District Court dismiss plaintiff's complaint for failure to prosecute.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report, Recommendation and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Geraci, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72.  Any requests for an extension of this deadline must be made to Judge Geraci.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See* Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

**SO ORDERED.**

DATED:    February 25, 2019
          Buffalo, New York

/s/ *Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge

9